John A. Lovelady and Addie L. Lovelady v. Commissioner.
Lovelady v. Commissioner
Docket No. 57756.
United States Tax Court
T.C. Memo 1956-288; 1956 Tax Ct. Memo LEXIS 7; 15 T.C.M. (CCH) 1498; T.C.M. (RIA) 56288; December 31, 1956
*7 John A. Lovelady, Route 3, Cullman, Ala., pro se. Homer F. Benson, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of $1,442.20 and sections 294(d)(1)(A) and 294(d)(2) additions to the tax in the amount of $567.31 and $340.38, respectively, for the taxable year 1950. The contested issues relate to the partial disallowance of the deduction claimed for automobile expenses; the adequacy of the allowance of depreciation on petitioners' one-third interest in farm buildings and equipment; and the propriety of the imposition of the additions to the tax under sections 294(d)(1)(A) and 294(d)(2) of the Code. Findings of Fact Petitioners are husband and wife residing at Route 3, Cullman, Alabama. They filed a joint income tax return for the year 1950 with the collector of internal revenue for the district of Alabama. Petitioners did not file a declaration of estimated tax return for the taxable year in question and failed to pay an amount by reason of declaration of income tax. During the year 1950 petitioners resided in Albertville, Alabama, and during that year petitioner, John, maintained *8 a business office in Albertville and another office in Scottsboro, Alabama, for the purpose of dealing in cotton futures, commodities, stocks and bonds as an interior broker. The Albertville office was largely carried on by Addie under the supervision of her husband who personally conducted the operations in the Scottsboro office, a distance of 38 miles from Albertville. In January 1950 John purchased a Lincoln automobile which was used during that year in carrying on his brokerage business and for personal purposes. During the taxable year John also operated a farm near Cullman, Alabama, a distance of about 50 miles from Albertville. The farm was inherited from John's father some years prior and was owned equally by him, his mother, and sister. John visited the farm usually on week-ends to oversee the operations carried on by a tenant farmer. Petitioners' joint income tax return filed for 1950 was prepared by T. D. McKown who was neither a certified public accountant nor an attorney specializing in income tax law but an accountant publicly engaged in the preparation of income tax returns for taxpayers. On their joint income tax return for 1950 petitioners claimed a deduction *9 of the amount of $3,635 as a business expense incurred in the operation of the automobile for business purposes. The respondent disallowed $2,519 of the amount claimed as not constituting a business expense. In the taxable year 1950 petitioners paid the sum of $2,560 in connection with the operation of the automobile for business purposes and such amount is deductible as an ordinary and necessary expense of their business. Petitioners did not claim depreciation on the farm buildings for income tax purposes prior to the year 1951. In his notice of deficiency the respondent determined that the partnership was entitled to a deduction for depreciation on the farm buildings and certain equipment in the amount of $762.50 and allowed the petitioners a deduction of one-third of that amount or the sum of $254.16. A proper allowance for depreciation on the farm buildings and equipment of the partnership for the taxable year 1950 is the amount of $1,512.50. One-third of that amount or the sum of $504.17 is deductible by the petitioners as their distributive share of the depreciation. Petitioners have not shown that the failure to file a declaration of estimated tax return for 1950 and *10 make the installment payments was due to reasonable cause. Opinion LEMIRE, Judge: The first question presented is the proper amount to be allowed as a business expense incurred and paid in connection with the use of petitioners' automobile in carrying on their business. On their joint return petitioners claimed as a business expense the amount of $3,635 on the basis of 8.75 cents per mile on an estimated mileage of 42,000. The respondent allowed a deduction of the amount of $1,116 or 6 cents per mile on an estimate of 18,600 miles. John testified that the automobile was purchased in January 1950, that at the end of the year the speedometer registered 47,000 miles, and that the car had been operated for personal use to the estimated extent of 5,000 miles. On the basis of the evidence we think Lovelady's estimated mileage for business purposes is excessive and the estimate of the respondent is much too low. We are persuaded that a more reasonable allowance should be based on an allocation of a two-thirds use for business purposes with the cost fixed at eight cents per mile, and we have found the amount of the deductible business expense based upon such a formula. The next question *11 relates to the amount properly allowable as a deduction for depreciation on the farm buildings and equipment. The farm was owned by John, his mother, and his sister, and petitioners are entitled to take only one-third of the allowable depreciation. On their return for 1950, petitioners make no claim of any deduction for depreciation. The respondent determined the total allowable depreciation to the three owners of the farm to be $762.50 and allowed petitioners one-third of that amount or the sum of $254.16 as a deduction for their share of the depreciation. Petitioner, John A. Lovelady, appeared herein pro se and was the only witness. His testimony respecting this issue is sketchy and unsatisfactory. The two pieces of farm equipment involved were purchased in 1950, and their cost basis is not in controversy. Petitioners had kept no record of the cost of the farm buildings. In computing the allowable depreciation to the partnership, the respondent used a cost basis of $5,000 for the farm buildings as of the year 1940 with a 20-year useful life. John with the aid of a photograph described the various farm buildings and the character of their construction. In some instances he gave *12 an estimate of their cost. From this meager evidence we are satisfied that the cost basis of $5,000 used by the respondent is quite inadequate. In the petition filed herein, petitioners claim the amount of their one-third interest of the allowable depreciation to be $546.66. On the basis of the record, it is our considered judgment that the fair market value of the farm buildings as of 1940 for the purpose of computing depreciation was not less than $20,000 with a useful life of 20 years. On the basis of such formula we have found as a fact that petitioners' share of the allowable depreciation for the taxable year 1950 on the farm buildings and equipment to be the amount of $504.17. The final question presented is the propriety of the imposition of the additions to the tax under sections 294(d)(1)(A) and 294(d)(2) for failure to file a declaration of estimated tax return and for substantial understatement of estimated tax. Petitioners have the burden of showing that such failure was due to reasonable cause and not to wilful neglect. John also testified that he employed an accountant to prepare the 1950 joint income tax return; that he was unaware of the requirement of an estimated *13 tax return; that he made no inquiry and was not advised by the accountant to file such return. It further appears that the accountant employed was neither a certified public accountant nor an attorney. It has not been shown that he was qualified to advise or represent the taxpayers in the premises nor that the petitioners relied upon such qualifications. The particular accountant was employed because he was the only one in that locality. The accountant was not a witness and his qualifications are not apparent from this record. We think the evidence is insufficient to establish reasonable cause for failure to file the required declaration of estimated tax return and have found the fact to be otherwise. Moreover, reasonable cause is not a defense to the imposition of an addition to tax under section 294(d)(2). Harry Hartley, 23 T.C. 353. Since petitioners substantially understated their estimated tax, the additions to the tax under sections 294(d)(1)(A) and 294(d)(2) are sustained. Decision will be entered under Rule 50.